# Exhibit A

## SUMMONS

Attorney(s)  Joseph M. Bimonte, Esq.

Office Address: 300 Main Street, Suite 21-661
Town, State, Zip Code  Madison, New Jersey 07940

Telephone Number   973-358-6619
Attorney for Plaintiff H. Niah Burke

**Superior Court of
New Jersey**

UNION         County

LAW           Division

Docket No:  L-002765-22

H. NIAH BURKE,

      Plaintiff(s)

vs.

**CIVIL ACTION
SUMMONS**

EISNER, LLP; DAVID NATALE; WENDY CALDWELL;
ABC CORPS. 1-10 and JOHN DOES 1-10,

      Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                     */s/ Michelle M. Smith, Esq.*
                                     Clerk of the Superior Court

DATED:   09/22/22

Name of Defendant to Be Served:  Eisner, LLP

Address of Defendant to Be Served:  152 West 57th Street, 48th Floor, New York, NY 10019

**BIMONTE LAW LLC**
Joseph M. Bimonte, Esq.
Attorney ID No. 900182012
300 Main Street, Suite 21-661
Madison, New Jersey 07940
(973) 358-6619
Attorneys for Plaintiff,
H. Niah Burke

| | |
|---|---|
| H. NIAH BURKE,<br><br>          Plaintiff,<br><br>vs.<br><br>EISNER, LLP; DAVID NATALE;<br>WENDY CALDWELL; ABC CORPS. 1-10<br>and JOHN DOES 1-10,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY: LAW DIVISION<br><br>CIVIL PART<br><br>DOCKET NO.: UNN-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, H. Niah Burke, as and for her Complaint against the defendants, and each of them, avers and says:

**NATURE OF THE ACTION**

1.      This is an action to remedy outrageous, unlawful and adverse actions taken against plaintiff in violation of the New Jersey Law Against Discrimination ("LAD"). As a result of plaintiff being terminated due to racial discrimination, defendants have caused and continue to cause severe and substantial injury and damage to plaintiff including but not limited to emotional distress and economic damages.

**PARTIES**

2.      Plaintiff H. Niah Burke ("Plaintiff") is an individual with a primary residence at 614A Clarkson Avenue, Elizabeth, New Jersey 07202.

3.      Defendant Eisner, LLP ("Eisner") is a business and entertainment law firm with office locations at 152 West 57th street, 48th Floor, New York, NY 10019 ("NY Office") and 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, CA 90210 ("California Office").

4.      Defendant David Natale ("Natale") is an individual who is, upon information and belief, the Head of Business and Legal Affairs at Eisner and maintains a principal business address at the California Office.

5.      Defendant Wendy Caldwell ("Caldwell") is an individual who is, upon information and belief, the Executive Director at Eisner and maintains a principal business address at the NY Office.

6.      Defendants Natale and Caldwell are sometimes collectively referred to herein as the "Individual Defendants".

7.      At all times relevant hereto, defendants ABC Corps. 1-10 and John Does 1-10 (the "Fictitious Defendants") are and were fictitiously named defendants representing individuals and/or entities whose identities are presently unknown, but who are or may be liable to Plaintiff for the damages she has suffered.

8.      Plaintiff reserves the right to amend the Complaint in the event the Fictitious Defendants are identified and their culpability revealed. Plaintiff will amend the pleadings to include the identity and/or identities and capacities of the Fictitious Defendants when they have been ascertained.

9.     Defendants Eisner, the Individual Defendants and the Fictitious Defendants are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

10.     Venue and jurisdiction are proper in Union County, New Jersey pursuant to N.J.C.R. 4:3-2 because it is the location of Plaintiff's residence.

## FACTS COMMON TO ALL COUNTS

11.     In an effort to change careers, Plaintiff wished to utilize her IT and technology skills to seek a role as an IT/technology or helpdesk professional.

12.     Plaintiff maintains a high degree of technical skills and is proficient in a multitude of software and hardware platforms as well as networking, file management and cloud technologies.

13.     Plaintiff further maintains a background in litigation support, paralegal services and word processing.

14.     Given the fact that the change in careers occurred during the heat of the ongoing Covid 19 pandemic, Plaintiff was especially driven to fine new employment.

15.     In or around the beginning of May 2021, Plaintiff applied for the position of "IT/Help Desk Support" with the defendant law firm of Eisner at their NY Office.

16.     Some of the responsibilities included but were not limited to: (1) troubleshooting software and hardware issues for end-users, (2) interacting with customer to resolve tech related queries, (3) keeping records of tech issues and reporting back to management and (4) assisting on projects as needed.

17.     Moreover, the position would include responsibilities regarding: (1) providing technical assistance via phone, email or in-person, (2) supporting mobile devices, (3) supporting video conference and audiovisual systems and (4) working with remote management tools.

18.     Some knowledge of certain technologies was preferred but not required.

19.     Plaintiff interviewed with several employees at Eisner and was eventually presented an offer of employment on or around May 26, 2021, by Michael Eisner.

20.     Plaintiff was hired for the position of "IT/Help Desk Support" with the employment commencing on June 7, 2021. Plaintiff was to coordinate with Caldwell prior to commencing employment.

21.     Subsequent to receiving her offer letter, Plaintiff received a welcome email from Natale, who works out of the California Office.

22.     Upon commencing her employment with Eisner, Plaintiff received copies of several different employment policies.

23.     One set of written policies included the Cleaning/Covid Policies which required that: (1) common areas and high touch surfaces be cleaned frequently, (2) that personal cleaning supplies were to be made available for their use, (3) that floor arrows be put in place to direct traffic and reduce the chance of virus spread, (4) that posters be displayed throughout the office to remind employees and visitors of how to prevent the spread of germs, (5) retrofitting of restrooms to have toilet seat lids, (6) reducing restroom stalls to reduce the spread of germs and (7) to manage restroom traffic through the installation of "vacant/occupied" slider signs.

24.     Upon information and belief, common areas and high touch surfaces were rarely cleaned throughout the day or frequently.

25.     A face mask policy was also implemented by Eisner in an effort to curtail or prevent the spread of the Covid 19 virus. The face mask policy included specific rules, including but not limited to: (1) maintaining social distancing in the office, (2) wearing a face mask at all times unless alone in personal office with door closed and (3) staying home if sick.

26.     During Plaintiff's brief tenure at Eisner, she observed several violations of the face mask policy including a secretary not maintaining social distancing and intruding into Plaintiff's personal space without wearing a mask.

27.     In fact, both Eisner policy and Federal guidelines and recommendations were consistently ignored as several employees were regularly without facemasks in common spaces.

28.     Most shockingly, Plaintiff was reported to human resources by a partner at Eisner despite the fact that she was wearing a face mask in his presence. Upon information and belief, Plaintiff was reported due her unvaccinated status.

29.     At the time, vaccines were not required by Eisner nor were they required by any governmental agency or authority.

30.     Plaintiff was clearly in compliance with all rules, regulations and laws in place at the time.

31.     Despite performing her employment functions since the commencement of her job, Plaintiff was shockingly and, without warning, terminated less than ten (10) days later.

32.     Upon information and belief, Eisner's human resources department was not even alerted to Plaintiff's termination.

33.     During Plaintiff's incredibly abbreviated tenure at Eisner, she was the only African American employee in her department.

34.     Under these circumstances, Plaintiff's termination can be categorized and defined as nothing less than an unlawful or wrongful termination due to Plaintiff's race, in violation of the New Jersey Law Against Discrimination.

35.     Defendants' repulsive and ignorant actions were directly inapposite to the appropriate and lawful action imposed by controlling law.

36.     As a result, thereof, Plaintiff has been caused to suffer damages, emotional and physical pain, emotional and physical suffering, emotional and physical distress, emotional and physical ailments and injuries, emotional injuries accompanied by physical manifestations, mental anguish, humiliation, loss of reputation, pain and suffering, punitive damages, and attorney's fees.

## FIRST COUNT
**(Racial Discrimination Under the Law Against Discrimination, N.J.S.A. 10:5-1 et seq. – As Against Eisner)**

37.     Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of the Complaint as if the same were set forth at length herein.

38.     As an employee of Eisner, Plaintiff was entitled to the protection of the New Jersey Law Against Discrimination.

39.     Racial discrimination occurs when an employer denies an employee of continued employment because of that employee's race.

40.     A claim for discrimination under the Law Against Discrimination ("LAD") must be supported by the following elements: (1) that Plaintiff was a member of a protected class, (2) she was performing her job at a level that met her employer's expectation, (3) she suffered adverse employment action and (4) other not in the protected class did not suffer similar adverse action.

41.     Plaintiff began her employment with Eisner and, despite performing, was shockingly terminated less than two (2) weeks after commencing work.

6

42.     Despite clear laws and regulations in place concerning such discrimination, Plaintiff, the only African American employee in her department, Eisner still improperly and unlawfully decided to terminate Plaintiff.

43.     As a result of Eisner's actions, Plaintiff has been and continues to suffer severe damages including severe emotional distress.

**WHEREFORE,** Plaintiff demands that judgment be entered against Eisner, as follows:

i.   For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, emotional distress, as well as all remedies provided by and available under N.J.S.A. 10:5-1 et seq;

ii.  For punitive damages;

iii. For statutory attorneys' fees pursuant to N.J.S.A. 10:5-27.1 and costs;

iv.  For interest; and

v.   For such other relief as the Court may deem just and proper.

### SECOND COUNT
### (Aiding and Abetting)
### (As Against Individual Defendants and Fictitious Defendants)

44.     Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of the Complaint as if the same were set forth at length herein.

45.     The Individual Defendants and Fictitious Defendants aided and abetted in the aforesaid violations and failures of Eisner to abide by and follow controlling law, through their own misconduct in furtherance of the unlawful employment practices against Plaintiff in the ways and manners described above.

46.     As a direct and proximate result of the Individual Defendants' and Fictitious Defendants unlawful violations, Plaintiff has been and will continue to be substantially damaged as aforesaid.

**WHEREFORE,** Plaintiff demands that judgment be entered against the Individual Defendants and Fictitious Defendants, as follows:

    i.   For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, emotional distress, as well as all remedies provided by and available under <u>N.J.S.A.</u> 10:5-1 <u>et</u> <u>seq</u>;

    ii.  For punitive damages;

    iii. For statutory attorneys' fees pursuant to <u>N.J.S.A.</u> 10:5-27.1 and costs of suit;

    iv. For interest; and

    v.  For such other relief as the Court may deem just and proper.

**THIRD COUNT**
**(Negligent Infliction of Emotional Distress)**
**(As Against All Defendants)**

47.    Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of the Complaint as if the same were set forth at length herein.

48.    The decisions made by Defendants in forcing Plaintiff out of employment were implemented and taken negligently.

49.    Defendants owed a duty of care to Plaintiff to abide by the current law and not discriminate against her on the basis of race, or any other protected class.

50.    Through their failures and refusals to follow controlling law, Defendants actions went beyond the bounds of decency.

51.    Defendants' actions have caused Plaintiff to suffer serious and severe emotional distress and mental anguish of a nature that no reasonable person would wish to endure.

52.    As such, Defendants' negligent infliction of emotional distress have caused Plaintiff to suffer damages serious and continuing in nature.

8

**WHEREFORE,** Plaintiff demands that judgment be entered against the Defendants, as follows:

      i.   For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages and emotional distress damages;

     ii.   For interest;

   iii.   For attorney's fees; and

   iv.   For such other relief as the Court may deem just and proper.

### FOURTH COUNT
**(Intentional Infliction of Emotional Distress)**
**(As Against All Defendants)**

53.    Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of the Complaint as if the same were set forth at length herein.

54.    The decisions made by Defendants in forcing Plaintiff out of employment were implemented and taken intentionally.

55.    Defendants owed a duty of care to Plaintiff to abide by the current law and not discriminate against her on the basis of race, or any other protected class.

56.    Through their failures and refusals to follow controlling law, Defendants actions went beyond the bounds of decency.

57.    Defendants' actions have caused Plaintiff to suffer serious and severe emotional distress and mental anguish of a nature that no reasonable person would wish to endure.

58.    As such, Defendants' negligent infliction of emotional distress have caused Plaintiff to suffer damages serious and continuing in nature.

**WHEREFORE,** Plaintiff demands that judgment be entered against the Defendants, as follows:

      i.   For judgment in an amount to be determined at trial, including an award of

compensatory, consequential damages and emotional distress damages;

   ii.  For interest;

   iii.  For attorney's fees; and

   iv.  For such other relief as the Court may deem just and proper

## CERTIFICATION PURSUANT TO R. 1:38-7(c)

I certify that confidential identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**BIMONTE LAW LLC**
Attorneys for Plaintiff,
H. Niah Burke


By: */s/ Joseph M. Bimonte*
       Joseph M. Bimonte

Dated:  July 2, 2022

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all causes of action set forth in the Complaint.

**BIMONTE LAW LLC**
Attorneys for Plaintiff,
H. Niah Burke


By: */s/ Joseph M. Bimonte*
       Joseph M. Bimonte

Dated:  July 2, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Court Rule 4:25-4, Joseph M. Bimonte, Esq. is hereby designated as trial counsel for Plaintiff in this matter.

**BIMONTE LAW LLC**
Attorneys for Plaintiff,
H. Niah Burke

By: */s/ Joseph M. Bimonte*
Joseph M. Bimonte

Dated:   July 2, 2022

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Joseph M. Bimonte, of fully age, hereby certifies that:

1.      The matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, and no such action or arbitration proceeding is contemplated.

2.      Based upon present knowledge, there exists no additional party who should be joined in the within action.

I hereby certify that the foregoing statements made by me are true. I am fully aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BIMONTE LAW LLC**
Attorneys for Plaintiff,
H. Niah Burke

By: */s/ Joseph M. Bimonte*
Joseph M. Bimonte

Dated:   July 2, 2022

11

## Case Summary

**Case Number:** UNN L-002765-22

**Case Caption:**  Burke H.  Vs Eisner, Llp

| | | |
|---|---|---|
| **Court:**  Civil Part | **Venue:**  Union | **Case Initiation Date:**  09/22/2022 |
| **Case Type:**  Law Against Discrimination (Lad) Cases | **Case Status:**  Active | **Jury Demand:**  6 Jurors |
| **Case Track:**  3 | **Judge:**  Daniel R Lindemann | **Team:**  2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:**  0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:**  0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:**  0 |
| **Disposition Date:** | **Case Disposition:**  Open | **Statewide Lien:** |

**Plaintiffs**
**H. N Burke**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Joseph M Bimonte |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 900182012 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** JBIMONTE@BIMONTELAWLLC.COM

**Defendants**
**Eisner, Llp**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**David  Natale**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Wendy  Caldwell**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Abc Corps. 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**John Does 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 09/22/2022 | Complaint with Jury Demand for UNN-L-002765-22 submitted by BIMONTE, JOSEPH M, BIMONTE LAW LLC on behalf of H. NIAH BURKE against EISNER, LLP, DAVID NATALE, WENDY CALDWELL, ABC CORPS. 1-10, JOHN DOES 1-10 | LCV20223406614 | 09/22/2022 |
| 09/23/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20223418352 | 09/23/2022 |

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH        NJ 07207
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:    SEPTEMBER 22, 2022
                         RE:      BURKE H.  VS EISNER, LLP
                         DOCKET: UNN L -002765 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DANIEL R. LINDEMANN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (908) 787-1650 EXT 21493.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: JOSEPH M. BIMONTE
                              BIMONTE LAW LLC
                              300 MAIN ST
                              STE 21 PMB 661
                              MADISON          NJ 07940


ECOURTS
```